# 012-15

# IN THE COURT
# OF CRIMINAL APPEALS
# OF TEXAS

## JOHN EWARD HALL
### APPELLANT

## VS

## THE STATE OF TEXAS
### APPELLE

CAUSE NUMBER: 05-09-01368-CR

ON APPEAL FROM CAUSE NUMBER: F08-63139
FROM THE 363RD DISTRICT COURT
OF DALLAS COUNTY. TEXAS

ORIGINAL

RECEIVED IN
COURT OF CRIMINAL APPEALS

MAR 10 2015

Abel Acosta, Clerk

FILED IN
COURT OF CRIMINAL APPEALS

MAR 10 2015

Abel Acosta, Clerk

# IDENTITY OF THE COURT AND PARTIES & COUNSEL'S

THE COURT

HONORABLE TRACY HOLMES                                    JUDGE
363RD CRIMINAL DISTRICT COURT

PARTIES

JOHN EDWARD HALL #1606233                                 APPELLANT

THE STATE OF TEXAS                                        STATE

COUNSELS

ELAINE EVANS
ASSISTANT DISTRICT ATTORNEY                               ATTORNEY FOR STATE
FRANK CROWLEY COURTS BLDG.
133 N. RIVERFRONT BLVD.
DALLAS, TX. 75207

ASHLEY ANDERSON
ASSISTANT DISTRICT ATTORNEY                               ATTORNEY FOR STATE
FRANK CROWLEY COURTS BLDG.
133 N. RIVERFRONT BLVD.
DALLAS, TX. 75207

KENNETH WEATHERSPOON
325 N. ST. PAUL ST.
SUITE 2475                                                ATTORNEY FOR DEFENDANT
DALLAS, TX 75201

ALLAN FISHBURN
211 NORTH RECORD
SUITE 450                                                 ATTORNEY FOR APPELLANT
DALLAS, TX. 75202

(1)

# TABLE OF CONTENTS

IDENTITY OF THE PARTIES ................................ 1

TABLE OF CONTENTS ................................ 2

INDEX OF AUTHORITIES ................................ 3

STATEMENT REGARDING ORAL ARGUMENT ................................ 6

STATEMENT OF CASE ................................ 6

STATEMENT OF PROCEDURAL HISTORY ................................ 6

GROUND FOR REVIEW ONE
THE EVIDENCE IS FACTUALLY INSUFFICIENT TO ................................ 9
SUPPORT A FINDING THAT APPELLANTS CONDUCT
WAS NOT JUSTIFIED

   ARGUMENT ................................ 9

GROUND FOR REVIEW TWO
THE TRIAL COURT ERRED BY FAILING TO INSTRUCT ................................ 12
THE JURY ON PRESUMPTION OF REASONABLE BELIEF

   ARGUMENT ................................ 12

GROUND FOR REVIEW THREE
THE TRIAL COURT ERRED BY FAILING TO INSTRUCT ................................ 15
THE JURY A PERSON IS JUSTIFIED IN USING DEADLY
FORCE AGAINST ANOTHER TO PREVENT THE OTHERS
IMMINENT COMMISSION OF MURDER

   ARGUMENT ................................ 15

GROUND FOR REVIEW FOUR
THE TRIAL COURT ERRED BY PROVIDING JURY WITH ................................ 17
AN INAPPLICABLE STATUTORY LIMITATION ON
HIS RIGHT TO SELF-DEFENSE

   ARGUMENT ................................ 18

   PRAYER FOR RELIEF

# INDEX OF AUTHORITIES

## CASES

BEECHAM V STATE, 580 SW2D 588
(TEX. CRIM. APP. 1979) ............ 17

BUNDY V. STATE, 280 SW3D 429
(TEX. APP. 2009) ............ 13

COLE V. STATE, 923 SW2D 749
(TEX. APP. - TYLER 1996) ............ 17

DYSON V. STATE, 672 SW2D
(TEX. CRIM. APP. 1984) ............ 17

ESPINOZA V. STATE, 951 SW2D 100
(TEX. APP. - CORPUS CHRISTI 1997) ............ 16

FIELDER V. STATE, 756 SW2D 309
( ............ 11

FINK V. STATE, 97 SW3D 739
(TEX. APP. - AUSTIN 2003) ............ 18

FRANCIS V. FRANKLIN, U.S. 71 307
(105 S.CT. 1965 (1985)) ............ 14

FRY V. STATE, 915 SW2D 560
(TEX. APP. - HOUSTON [14 DIST.] 1995) ............ 16

GUIDEAU V. STATE, 193 SW3D 156
(TEX. APP. - HOUSTON [1ST DIST.] 2006) ............ 15

HAINES V. KERNER
(92 S.CT. 595 (1972) ............ 7

HAMEL V. STATE, 916 SW2D 491
(TEX. CRIM. APP. 1996) ............ 16

HAYES V. STATE, 728 SW2D 804
(TEX. CRIM. APP. 1987) ............ 17

HUGHES V. ROWE
(161 S.CT. 173) ............ 7

JACKSON V. VIRGINIA, 443 U.S. 326
(99 S.CT. 2781 - 1979) ............ 9

JOHNSON V. STATE, 271 SW3D 359
(TEX. APP. 2008) ............ 10

LEE V. STATE, 259 SW3D 785
(TEX. APP. - HOUSTON [1ST DIST] 2008) ............ 18

MATTHEW V. STATE, 708 SW2D 835
(TEX. CRIM. APP. 1986) ............ 18

NEELY V. STATE, 193 SW3D 685
(TEX. APP. - WACO 2006) ............ 14

PIERINI V. STATE, 804 SW2D 258
(TEX. APP. - HOUSTON [1ST DIST.] 1991) ............ 17

# INDEX OF AUTHORITIES

## CASES

PRICE V. STATE, NO. 02-02-00268
(TEX. APP.-FORT WORTH 2003) ... 13

RAMEREZ V. STATE, 873 SW2D 757
(TEX. APP.- EL- PASO 1994) ... 18

REICH- CABOT V. STATE, 914 SW2D 266
(TEX. APP - TEXAKANA 1996) ... 10

SANDSTROM V. MONTANA, 442 U.S. 510
(99. S. CT. 2450 (1979) ) ... 14

SEMAIRE V. STATE, 617 SW2D 528
(TEX. CRIM. APP. 1980) ... 16

SMITH V. STATE, 676 SW2D 584
(TEX. CRIM. APP. 1984) ... 17

SMITH V. STATE, 965 SW2D 509
(TEX. CRIM. APP. 1998) ... 18

STANELY V. STATE, 625 SW2D 320
(TEX. CRIM. APP. 1981) ... 18

TATE V. STATE, 981 SW2D 189
(TEX. CRIM. APP. 1998) ... 10

THOMPSON V. STATE, 659 SW2D 649
(TEX. CRIM. APP. 1983) ... 10

TORRES V. STATE, 71 SW3D 758
(TEX. CRIM. APP. 2002) ... 9

VALETINE V. STATE, 587 SW2D 399
(TEX. CRIM. APP. 1979) ... 13

WARD V. STATE, 72 SW3D 413
(TEX. APP. - FORT WORTH 2002) ... 13

WEBBER V. STATE, 29 SW3D 226
(TEX. APP. - HOUSTON [14th DIST] 2006) ... 13

WILLIS V. STATE, 790 SW2D 307
(TEX. CRIM. APP. 1990) ... 13

## STATUTES

TEX. PENAL CODE ANN. SECTION 2.05 ... 12, 13, 14

TEX. PENAL CODE ANN. SECTION 9.31 ... 9

TEX. PENAL CODE ANN. SECTION 9.31 (B) ... 9, 10

TEX. PENAL CODE ANN. SECTION 9.32 ... 9, 13, 15, 16

TEX. PENAL CODE ANN. SECTION 9.32(A)(1)(2)(A) ... 15,

TEX. PENAL CODE ANN. SECTION 9.32 (A)(2)(B)(3) ... 13, 14, 15

# STATUTES CONT.

TEX. PENAL CODE ANN. SECTION 9.32 (a)(1)(2)(A)(B)                    15

TEX. PENAL CODE ANN. SECTION 19.02                    6

TEX. CODE CRIM. PROC. ANN. ART. 36.14                    10

TEX. CODE CRIM. PROC. ANN. ART. 36.19                    13

TEX. CODE CRIM. PROC. ANN. ART. 38.36                    10

## STATEMENT REGARDING AN ORAL ARGUMENT:

APPELLANT WOULD LIKE TO WAIVE STATEMENT FOR AN ORAL ARGUMENT

## STATEMENT OF CASE:

APPELLANT WAS CHARGED WITH MURDER, ENHANCED TWO PRIOR FELONY, BY AN INDICTMENT WHICH READS: IN THE NAME AND BY THE AUTHORITY OF THE STATE OF TEXAS: THE GRAND JURY OF DALLAS COUNTY, STATE OF TEXAS, DULY ORGANIZED AT THE OCTOBER TERM, A.D. 2008 OF THE CRIMINAL DISTRICT COURT 7, DALLAS COUNTY IN SAID TERM, DO PRESENT THAT ONE HALL, JOHN EDWARD, DEFENDANT, ON OR BEFORE 17th DAY OF NOVEMBER A.D. 2008 IN THE COUNTY OF DALLAS, DID UNLAWFULLY THEN AND THERE INTENTIONALLY AND KNOWINGLY CAUSE THE DEATH OF MARVIN DAVIS, DECEASED, BY SHOOTING THE DECEASED WITH A FIREARM, A DEADLY WEAPON. AND IT FURTHER PRESENTED TO COURT THAT PRIOR TO COMMISSION OF SAID OFFENSE, DEFENDANT WAS CONVICTED OF FELONY OFFENSE OF POSSESSION OF CONTROLLED SUBSTANCE WITH INTENT TO DELIVER MORE THAN 4 GRAMS BUT LESS THAN 200 GRAMS, ON 8th DAY OF MARCH 2007, IN CAUSE # F06-71635 IN THE 363rd DISTRICT COURT OF DALLAS. AND SAID CONVICTION WAS FINAL UNDER NAME JOHN ~~EDWARD~~ EDWARD HALL, AND IT FURTHER PRESENTS TO COURT THAT PRIOR TO COMMISSION OF EACH SAID OFFENSES, DEFENDANT WAS CONVICTED OF FELONY OFFENSE OF ASSAULT CAUSES BODILY INJURY FAMILY VIOLENCE - ENHANCED OF THE 12th DAY OF MARCH 2003, IN THE CAUSE # F02-57675 IN THE CRIMINAL DISTRICT COURT NO. #2, OF DALLAS COUNTY, AND SAID CONVICTION IS FINAL UNDER NAME JOHN EDWARD HALL.

## STATEMENT OF PROCEDURAL HISTORY:

THE JURY SET SENTENCE AT 70 YEARS. APPELLANT FILED A MOTION FOR REHEARING FOR A NEW TRIAL ON OCTOBER 29, 2009 BUT WAS DENIED. APPELLANT CASE WAS AFFIRMED BY A COURT OF APPEALS ON APRIL 16, 2011.

CAUSE NO. WR-82,314-01

EX PARTE                                    § IN THE 363RD JUDICIAL

JOHN EDWARD HALL                            § DISTRICT COURT OF

        APPLICANT                           § DALLAS COUNTY, TEXAS


APPLICATION FOR DISCRETIONARY REVIEW
IN SUPPORT FOR WRIT OF HABEAS CORPUS PURSUANT
TO TEXAS CODE OF CRIMINAL PROCEDURE ART. §11.07


MEMORANDUM:

APPLICANT IN THE ABOVE CAUSE, FILES THIS MEMORADUM OF LAW, IN SUPPORT OF HIS ATTACHED WRIT OF HABEAS, WHICH HE FILES IN SUPPORT TO ART. §11.07 OF THE TEXAS CODE OF CRIMINAL PROCEDURES:


LIBERAL CONSTRUED:

APPLICANT IS NOT AN ATTORNEY NOR A PARALEGAL AND RESPECTFULLY ASK THE REVIEWING COURT TO CONSIDER THE HOLDING IN HAINES VS. KERNER, 92 S.CT. @ 595 (1972); HUGHES VS. ROWE, 101 S.CT. @ 173; WHICH MANDATES THAT, THE PLEADINGS OF A PRO-SE APPLICANT AS HERE, BE CONSTRUED LIBERALLY, AND CAN NOT BE HELD TO THE SAME STRICT STANDARDS AS THE PLEADING PREPARDED BY AN ATTORNEY.


(7)

## JURISDICTION:

THIS COURT HAS THE JURISDICTION TO HEAR THIS CASE.

## RESTRAINT:

APPLICANT IS ILLEGALLY BEING RESTRAINED PURSUANT TO JUDGMENT IN THE CAUSE NO. 05-09-01368-CR, FOR MURDER, AT THE JAMES V. ALLRED UNIT, 2101 FM 369 N., IOWA PARK, TX. 76367.

GROUND ONE ARGUMENT AND AUTHORITY:

GROUND ONE: APPELLANT ARGUES THE EVIDENCE WAS FACTUALLY INSUFFICIENT TO SUPPORT A FINDING THAT APPELLANTS CONDUCT WAS NOT JUSTIFIED UNDER PENAL CODES §9.31 AND §9.32.

THE APPELLANT CONTEND THAT HE WAS WITHIN HIS RIGHT TO USE "DEADLY FORCE" AGAINST ANOTHER IF HE WOULD BE JUSTIFIED IN USING FORCE AGAINST THE OTHER UNDER SECTION 931. AND WHEN AND TO THE DEGREE THE ACTOR REASONABLY BELEIVES THE DEADLY FORCE IS IMMEDIATELY NECESSARY TO PROTECT THE ACTOR AGAINST THE OTHERS USE OR ATTEMPTED USE OF DEADLY FORCE. TEXAS PENAL CODE ANN. §9.32 (A)(1)(2)(A)(B). NOW IN JACKSON V. VIRGINIA, 443 U.S. AT 326. THE JURY IS THE SOLE FACTFINDER IN THIS CASE. THE JURY MAY BELEIVE ANY, SOME, ALL OR NONE OF THE TESTIMONY OF ALL THE WITNESSES. APPELLANT NOW CONTENDS THAT THE JURY REJECTION OF HIS CLAIM OF SELF-DEFENSE GOES AGAINST OF WHAT OTHER COURTS OF APPEALS HAVE RULED ON. APPELLANT OFFERS THE FOLLOW CASE IN SUPPORT OF HIS CLAIM.

THE PROSECUTION WITNESSES OF ALLEN AND PETERS' TESTIMONY GOES TO SHOW THAT THE DECEASED ALONG WITH OTHERS WERE TRYING TO RUN APPELLANT OUT OF BUSINESS BY THE MEANS OF VERBAL AND PHYSICAL THREATS, INCLUDING DEATH THREATS. NOW THE PROSECUTION "OPEN THE DOOR" TO THIS BY ALLOWING THERE TESTIMONY TO BE ENTERED INTO RECORD. IN TORRES V. STATE, 71 SW 3RD 758, 760. ALLOWS A DEFENDANT IN A HOMICIDE PROSECUTION WHO RAISES THE ISSUE OF SELF-DEFENSE MAY INTRODUCE EVIDENCE OF THE DECEASED VIOLENT CHARACTER.

"ALLEN TESTIMONY: Q: WAS THERE OCCASION WHERE YOU SAW WHAT HAPPENED TO PEOPLE WHO REFUSED TO DO WHAT BIG A & BALDHEAD SAID FOR THEM TO DO.
A: ALEX WOULD TRY TO FIGHT SOMEBODY.
Q: HOW DID BIG A CAUSED PROBLEMS BETWEEN D AND BALDHEAD?
A: HE WAS TELLING BALDHEAD HE DIDN'T WANT D ON THE TRACK ANY MORE.
Q: WAS THERE AN OCCASION WHERE YOU WARNED D THAT BIG A AND BALDHEAD WERE OUT TO GET HIM?
A: YES, SIR.
Q: HAVE YOU EVER HEARD BALDHEAD THREATEN TO KILL D
A: YES, SIR.

TESTIMONY FROM RR. VOL 3 PG 168 5-8, PG. 5,6

(9)

IN TATE V. STATE, 981 SW2ND @ 193. VIOLENT ACTS ARE ADMISSIBLE TO SHOW THAT THE DECEASED HAD MOTIVE OR INTENT TO BE THE FIRST AGGRESSOR. TEXAS RULE OF EVIDENCE 404(A) ALLOWS SPECIFIC VIOLENT ACTS OF MISCONDUCT MAY BE ADMITTED TO SHOW THE REASONABLES OF DEFENDANTS FEAR OF DANGER OR TO SHOW THAT THE DECEASED WAS FIRST AGGRESSOR: FROM PROSECUTIONAL WITNESS PETERS TESTIMONY FOLLOWS:

Q: HAVE YOU SEEN BIG A & BALDHEAD BEAT UP ANYBODY?
A: YES, MAN AND WOMEN
Q: OKAY. YOU SAID THEY'VE EVEN BEAT UP ON WOMEN
A: THEY'LL HIT A WOMAN WITH A GUN
Q: HAD YOU EVER HEARD THEM MAKE THREATS AGAINST D?
A: HE TEXTED D ON HIS PHONE
Q: WHO IS THE HE?
A: BALD HEAD TEXT D THAT SUNDAY ON HIS PHONE
Q: AND HE TEXTED D THREATENING HIM?
A: IT'S GOING TO BE EITHER YOU OR ME
Q: WHAT DID YOU TELL BALDHEAD?
A: THAT I DIDN'T WANT HIM STARTING THAT SHxT BECAUSE WASN'T NOBODY BUT ME AND HIM.

PETERS' TESTIMONY FROM RR. VOl 3 PG 208 11-13; 209 4-5; 210 13-18; 212 21-23

IN REICH-CABOT, 94 SW2ND 266. THE TEXAS LAW ALLOWS A DEFENDANT TO OFFER EVIDENCE OF VICTIMS PRIOR ACTS OF AGGRESSION TO SUPPORT A CLAIM OF THE VICTIM WAS THE FIRST AGGRESSOR. SEE THOMPSON V. STATE, 659 SW2ND 649, 653 (TEX. CRIM. APP. 1983). TEXAS PENAL CODE OF CRIMINAL PROCEDURE ANN. ART. 38.36 STATES: PERMITS EITHER PARTY TO OFFER EVIDENCE OF ALL RELEVANT FACTS AND CIRCUMSTANCES SURROUNDING KILLING AND PRIOR RELATIONSHIP THAT EXISTED BETWEEN DEFENDANT AND DECEASED INCLUDING ALL SUCH RELEVANT PARTS GOING TO SHOW THE CONDITION OF THE MIND OF THE DEFENDANT AT THE TIME OF OFFENSE. IN JOHNSON V. STATE 271 SW 3D 359, A DEFENDANT MAY OFFER EVIDENCE OF DECEASED PRIOR AGGRESSION TO RAISE THE ISSUE OF SELF-DEFENSE. THE TRIAL ~~████~~ JUDGE MUST INSTRUCT THE JURY IN A WRITTEN CHARGE DISTINCTLY SETTING FORTH ALL LAWS APPLICABLE TO THE CASE. TEXAS CODE CRIM. PRO. ANN. ART. 36.14 (2007). IN THE INSTANT CASE THE TRIAL COURT GAVE A JURY CHARGE ON SECTIONS 9.31 AND 9.32 OF THE TEXAS PENAL CODE. SECTION 9.31 (D) STATES: JUSTIFIES THE USE OF DEADLY FORCE AGAINST ANOTHER WHEN AND TO THE DEGREE HE REASONABLE BELIEVES THE FORCE IS NECESSARY TO PROTECT HIMSELF AGAINST THE OTHERS USE OR ATTEMPTED USE OF UNLAWFUL FORCE. THIS LANGUAGE IN 9.31(B) CONSTITUES THE "APPARENT DANGER" PORTION OF SELF-DEFENSE. WHERE THE EVIDENCE

RAISE THE ISSUE OF "APPARENT DANGER" THE COURT INSTRUCTING THE JURY ON THE LAW OF SELF-DEFENSE SHOULD TELL THE JURY THAT A PERSON HAS THE RIGHT TO DEFEND FROM "APPARENT DANGER" TO THE SAME AS WOULD THE DANGER BEEN REAL; PROVIDED YOU ACTED UPON A REASONABLE APPREHENSION OF DANGER AS IT APPEARED FROM DEFENDANT STANDPOINT AT THE TIME. IN JOHNSON, TO ESTABLISH HER "FEAR" (APPARENT DANGER) FROM HER STANDPOINT AT THE TIME OF STABBING, SHE INTRODUCED TESTIMONY FROM TWO FRIENDS WHO PERSONALLY WITNESSED PAST PHYSICAL AND VERBAL ABUSE DIRECTED TOWARDS APPELLANT BY THE DECEASED. THE COURTS OF CRIMINAL APPEALS HAS RECOGNIZED THIS TYPE OF EVIDENCE AS AN ESTABLISHED METHOD OF PROOF IN SELF-DEFENSE CASE, BECAUSE THE LAW RECOGNIZES THE FACT OF FUTURE CONDUCT MAY BE REASONABLY INFERRED FROM PAST CONDUCT. SEE <u>FIELDER v. STATE</u>, 756 SW2d 309, 319. NOW FROM BOTH OF PROSECUTION WITNESSES OF ALLEN AND PETERS TESTIMONY IT SHOWS HOW THE DECEASED ALONG WITH OTHERS WERE ENGAGING OF TRYING TO RUN APPELLANT OUT OF BUSINESS BY THE MEANS OF VERBAL AND PHYSICAL THREATS INCLUDING DEATH THREATS.

Summary:

APPELLANT CONTEND THAT THE JURY REJECTION OF HIS CLAIM OF SELF-DEFENSE WAS AGAINST THE WEIGHT AND PREPONDERANCE OF THE EVIDENCE THAT IT CAUSED A BIASED TRIAL. THIS COURTS OPINION GO AGAINST WHAT THE OTHER COURTS HAVE HANDED DOWN, BECAUSE IF YOU LOOK AT THIS OPINION ON PAGE 4 IT STATE THAT THEY SEE WHERE APPELLANT SHOWED EVIDENCE THAT DECEASED (DAVIS) WAS THE FIRST AGGRESSOR, POLICE FOUND NO EVIDENCE OF A SECOND WEAPON. THE COURT THAN LOOKS AT APPELLANT ACTIONS WITHOUT GIVING CONSIDERATION TO WHAT THE DECEASED ACTS OR WORD DONE TO BRING UPON THE DIFFICULTY. THE EVIDENCE ADDUCED AT TRIAL SHOWS THAT THE DECEASED WAS FIRST AGGRESSOR, THAN YOU HAVE TO PUT YOURSELF IN THE DEFENDANT POSITION AND VIEW THINGS FROM HIS STANDPOINT. DID HE [APPELLANT] HAVE A REASONABLE APPREHENSION OF FEAR THAT HIS LIFE WAS IN DANGER FROM THE DECEASED ACTS OR WORDS TO BELIEVE HE WAS IN THE RIGHT TO PROTECT HIMSELF FROM DECEASED UNLAWFUL USE OF DEADLY FORCE? THE ANSWER IS CLEAR YES. IF THE ANSWER IS YES, WHY THAN THIS COURT GO AGAINST WHAT THE LAWS SAYS. THE APPELLANT WOULD LIKE THIS COURT TO REVIEW THE RECORD AND OVERTURN THE APPELLANT CONVICTION AND REMAND BACK FOR A NEW TRIAL.

**GROUND TWO ARGUMENT AND AUTHORITY:**

GROUND TWO: APPELLANT ARGUES THAT THE TRIAL COURT ERRED IN FAILING TO INSTRUCT THE JURY ON THE PRESUMPTION OF REASONABLE BELIEF:

APPELLANT CONTENDS UNDER §2.05 PRESUMPTION OF TEXAS PENAL CODE PROVIDES: (A) EXCEPT AS PROVIDED BY SUBSECTION(B) WHEN THIS CODE OR ANOTHER PENAL CODE ESTABLISH A PRESUMPTION WITH RESPECT TO ANY FACTS, IT HAS THE FOLLOWING CONSEQUENCES: (1) IF THERE IS SUFFICIENT EVIDENCE OF THE FACTS TO GIVE RISE TO THE PRESUMPTION, THE ISSUE OF THE EXISTENCE OF THE PRESUMED FACTS MUST BE SUBMITTED TO THE JURY, UNLESS THE COURT IS SATISFIED THAT THE EVIDENCE AS A WHOLE CLEARLY PERCLUDES A FINDING OF REASONABLE DOUBT OF THE PRESUMED FACTS AND (2) IF THE EXISTENCE OF THE PRESUMED FACTS ARE SUBMITTED TO THE JURY, THE COURT SHALL CHARGE THE JURY, IN THE TERMS OF PRESUMPTIONS AND THE SPECIFIC ELEMENTS TO WHICH IT APPLIES AS FOLLOWS: (A) THAT THE FACTS GIVING RISE TO THE PRESUMPTION MUST BE PROVEN BEYOND A REASONABLE DOUBT; (B) THAT IF SUCH FACTS A PROVEN BEYOND A REASONABLE DOUBT THE JURY MAY FIND THAT THE ELEMENT OF THE OFFENSE SOUGHT TO BE PRESUMED EXISTS, BUT IT IS NOT BOUND TO DO SO; (C) THAT EVEN THOUGH THE JURY MAY FIND THE EXISTENCE OF SUCH ELEMENTS; THE STATE MUST PROVE BEYOND A REASONABLE DOUBT EACH OF THE OTHER ELEMENTS OF THE OFFENCE CHARGED; AND (D) IF THE JURY HAS A REASONABLE DOUBT AS TO THE FACT OR FACTS GIVING RISE TO THE PRESUMPTION, THE PRESUMPTION FAILS AND THE JURY SHALL NOT CONSIDER THE PRESUMPTION FOR ANY PURPOSE.

THE EVIDENCE ADDUCED AT TRIAL SHOW THAT ALLEN, PETERS, BIG "A" AND DAVIS WERE AT HICKORY STREET, WHILE APPELLANT WAS AT A LOCATION CALLED THE TRACKS. WHEN POLICE CLOSED DOWN SHOP ON HICKORY STREET, THEY ALL CAME TO LOCATION WERE APPELLANT WAS ALREADY AT. FIRST EVERYTHING WAS OKAY UNTIL BIG A STARTED TO TELL DAVIS WHAT TO DO AND HE DID WANT APPELLANT DOWN THERE ANYMORE. ALLEN AND PETERS GOT WIND OF IT AND TOLD APPELLANT THAT HE NEED TO WATCH HIS BACK. SOON BIG A AND DAVIS STARTED MAKING VERBAL THREATS, INCLUDING DEATH THREATS. WHEN POLICE CLOSED DOWN THE TRACKS APPELLANT WENT TO LOCATION WERE THIS CRIMED HAPPENED AND DECEASED WITH OTHERS WENT TO THE BRIDGEFORD FOOD PLANT LOCTAION; FROM THERE BIG A AND BALD HEAD AGAIN STARTED WITH THE THREATS AND STARTED PULLING GUNS ON THE APPELLANT. APPELLANT AND FAMILY MEMBERS GOT INTO FIGHT WITH DAVIS BECAUSE OF SAID THREATS. ONCE AGAIN ALLEN AND PETERS WARNED APPELLANT ABOUT HOW DAVIS AND BIG "A" WERE GOING TO ROB AND KILL HIM. FROM PETER TESTIMONY ON THE DAY OF CRIME SHE TOLD DAVIS DON'T START TROUBLE WITH APPELLANT BECAUSE THEY WERE THE ONLY ONES OUT THERE. UNFAZED DECEASED TOLD PETERS "HOLD HIS PHONE WHILE HE GET AT THIS NxxxA.

PETERS ALSO STATES THAT SHE KNEW IT WAS GOING TO BE ONE OF THEM BEFORE THE DAY WAS OVER. WHY DOES SHE KNOW THIS? ITS BECAUSE DECEASED IS SAYING THESE THINGS TO HER.

IN BUNDY V. STATE, 280 SW3RD 429, STATE THAT THE TEXAS COURT OF APPEALS HAVE HELD THAT WHEN A DEFENDANT CLAIMS SELF-DEFENSE HIS RIGHT ARE PROPERLY PRESERVED (AND THE CONCEPT OF APPARENT DANGER IS PROPERLY PRESERVED) WHEN A JURY CHARGE: (1) STATES THAT A DEFENDANT CONDUCT IS JUSTIFIED IF HE RESONABLY BELIEVED THAT THE DECEASED WAS USING OR ATTEMPTING TO USE UNLAWFUL DEADLY FORCE AGAINST THE DEFENDANT AND (2) CORRECTLY DEFINES REASONABLE BELIEF. WHEN THE TRIAL COURT DEFINES REASONABLE BELIEF [IT] ADEQUATELY RELATES TO THE JURY THAT "A REASONABLE APPREHENSION OF DANGER", WHETHER IT BE REAL OR APPARENT, IS ALL THAT IS REQUIRED BEFORE ONE IS ENTITLED TO EXERSE THE RIGHT OF SELF-DEFENSE AGAINST HIS ADVERSARY. SEE PRICE V. STATE; NO: 02-02-00268-CR, 2003. TEX. APP. FORTH WORTH. IN VALETINE V. STATE, 587 SW2ND 399, IN DETERMINING THE EXISTENCE OF REAL OR APPARENT DANGER, YOU SHOULD CONSIDER ALL FACTS AND CIRCUMSTANCES, AND THE EVIDENCE TO SHOW THE CONDITION OF THE MIND OF THE DEFENDANT AT THE TIME IN QUESTION; YOU SHOULD PLACE YOURSELF IN THE DEFENDANT POSITION AT THE TIME AND VIEW IT FROM HIS STANDPOINT ALONE. SEE V.A.C.C.P ART. 36.19. NOW IN BUNDY, CITING VALETINE, THE COURT OF APPEALS HAS HELD THAT WHEN INSTRUCTIONS TRACKING THE STATUTORY LANGUAGE AND GIVING THE DEFINITIONS RELATING TO SELF-DEFENSE, DEADLY FORCE, AND REASONABLE BELIEF PROVIDED BY THE TEXAS PENAL CODE HAS THEREFORE FULLY PRESERVED APPELLANTS RIGHT TO HAVE THE INSTRUCTION ON PRESUMPTION OF REASONABLE BELIEF. APPELLANT CONTENDS THAT THE COURT ERRED BY INCLUDING THE COMPLAINED ABOUT INSTRUCTION IN ITS JURY CHARGE, AS SUCH INSTRUCTION COMPRISED A COMMENT ON THE WEIGHT OF THE EVIDENCE IN VIOLATION OF ART. 36.14 OF THE CODE OF CRIMINAL PROCUDRE. SEE LUVARD V. STATE, 72 SW3D 413, 418. IN WEBBER V. STATE, 29 SW3D 226, STATES THAT BOTH THE UNITED STATES AND TEXAS CONSTITUTION ALSO REQUIRES THE ~~STATE~~ TRIAL COURT TO INCLUDE A SECTION 2.05(2) INSTRUCTION WHEN INCLUDING A SECTION 9.32 (A)(2)(B)(3) INSTRUCTION ON PRESUMED FACTS WITHOUT A SECTION 2.05(2) INSTRUCTION, THE 9.32 (A)(2)(B)(3) WOULD CONTAIN A MANDATORY PRESUMPTION WHICH ARE UNCONSTITUTIONAL. SEE WILLIS V. STATE, 790 SW2d 307.309. IN THE INSTANT CASE APPELLANT WAS GIVEN A CHARGE ON §9.32 (A)(2) (B)(3) BUT WITHOUT §2.05(2) IT CREATED A MANDATORY PRESUMPTION WHICH CAUSED THE TRIAL COURT TO GIVE A COMMENT ON THE WEIGHT OF THE EVIDENCE WHICH WAS APPELLANT BEING A FELON IN POSSESSION OF A GUN.

THE COURT PASS UPON THE WEIGHT OF THE EVIDENCE; WHICH WAS DID APPELLANT HAVE A RIGHT TO BELIEVE THAT THE DECEASED USE OF UNLAWFUL DEADLY FORCE AGAINST APPELLANT TO APPREHEND THE DANGER TO DEFEND HIMSELF FORM THE DECEASED UNLAWFUL DEADLY FORCE. WHEN THE COURT PASSED UPON THE EVIDENCE OF THIS. IT DEPRIVED THE APPELLANT OF A VALUABLE RIGHT AND VITIALLY AFFECTED A DEFENSIVE THEORY. SEE NEELY V. STATE, 193 SW3D 685.

## Summary:

A APPELLANT CONTENDS THAT THE COURTS REJECTION WAS AGAINST THE WEIGHT OF THE EVIDENCE AND IT DEPRIVED HIM OF A FAIR TRIAL. THE CONTESTED ISSUE AT TRIAL WAS DID THE APPELLANT HAVE A REASONABLE BELIEF THAT HE HAD A RIGHT TO DEFEND HIMSELF AGAINST THE DECEASE UNLAWFUL DEADLY FORCE, AND IF HE DID HE WAS IN THE RIGHT OF SELF-DEFENSE IN USEING DEADLY FORCE. IN THIS COURTS OPINION ON PAGE 5 "IT STATES THAT IN SECTION 9.32 (A)(2)(b)(3) THAT THE PRESUMPTION OF REASONABLE BELIEF. THAT THE DEADLY FORCE WAS IMMEDIATELY NECESSARY "IS PRESUMED TO BE REASONABLE" IF THE ACTOR ... " WAS NOT OTHER-WISE ENGAGED IN CRIMINAL ACTIVITY ..." THE APPELLANT CONTEND THE UNDERLINED PART; IS PRESUMED TO BE, IS A MANDATORY PRESUMPTION BECAUSE IT SHIFTS THE BURDEN TO APPELLANT TO REBUT ITS PRESUMPTION BY THE OFFERING OF EVIDENCE FROM APPELLANT TO REFUTE IT. SEE FRANCIS V. FRANKLIN, U.S. 471 @ 307; AND SANDSTORD V. MONTANA, 442 U.S. 510. SINCE THE APPELLANT ALREADY ADMITTED THAT HE SHOT AND KILLED THE DECEASED BUT CLAIMED HE DID IT IN SELF-DEFENSE, AND ALSO ADMITTED THAT HE WAS A FELON IN POSSESSION OF A GUN. THE COURT PASSED UPON THE WEIGHT OF THE EVIDENCE BECAUSE THEY WERE TRYING TO CONSOLIDATE THE STATUE LANGUAGE OF §9.32 (A)(2)(b)(3) WITH THAT OF §2.05(2) OF PRESUMPTION, BUT WHEN OTHER COURTS OF APPEAL HAS RULED THAT WHEN YOU GIVE THE DEFITION OF SELF-DEFENSE, APPARENT DANGER, AND REASONABLE BELIEF YOU HAVE PROPERLY PERSERVED THE RIGHT TO HAVE THE INSTRUCTION ON THE PRESUMPTION OF REASONABLE BELIEF, THAN WHY DID THEY GO AGAINST ITS OWN LAW? APPELLANT ASK THIS COURT OF CRIMINAL APPEALS TO REVIEW THE OPINION OF THE 5th CIRCUIT DESICION, WHETHER ITS DESICION DECIDED AN IMPORTANT QUESTION OF STATE OR FEDERAL LAW THAT HAS NOT BEEN, BUT SHOULD BE SETTLED BY THE COURT OF CRIMINAL APPEALS.

GROUND THREE ARGUMENT AND AUTHORITY:

GROUND THREE: APPELLANT ARGUES THE TRIAL COURT ERRED BY FAILING TO INSTRUCT THE JURY THAT A PERSON IS JUSTIFIED IN USING DEADLY FORCE AGAINST ANOTHER TO PREVENT THE OTHERS IMMINENT COMMISSION OF MURDER. § 9.32 (A)(1)(2)(A)(B)

THE TRIAL COURT CHARGED THE JURY ON THE LAW OF SELF-DEFENSE UNDER SECTION 9.32 (A)(1)(2)(A) BUT DID NOT CHARGE THE JURY WITH §9.32 (A)(1)(2)(B) WHICH CONSIST OF (B) TO PREVENT THE OTHERS IMMINENT COMMISSION OF AGGRAVATED KIDNAPPING, MURDER, SEXUAL ASSAULT, AGG. SEXUAL ASSAULT, ROBBERY AND AGG. ROBBERY. APPELLANT CONTENDS THAT THE TRIAL COURT WAS PUT ON NOTICE THAT THE APPELLANT WANTED AN INSTRUCTION ON THE RIGHT TO USE DEADLY FORCE UNDER SECTION 9.32 (2)(B), BECAUSE IN APPELLANTS SECOND ISSUE IN HIS BRIEF THEY GAVE THE WHOLE LAW APPLICABLE UNDER §9.32 AND (B) WAS ALREADY INCLUDED WITHIN THE LAW GOVERNING WHEN THE USE OF DEADLY FORCE IS REQUIRED. NOW IN BUNDY, APPELLANTS RIGHTS ARE FULLY PRESERVED WHEN THE TRIAL COURT GIVES THE JURY THE INSTRUCTIONS ON ALL THE LAWS APPLICABLE TO THIS CASE, AND BY NOT GIVING THE INSTRUCTION THE TRIAL COURT ERRED AND DEPRIVED THE APPELLANT OF A VALUABLE RIGHT OR VITALLY AFFECTS HIS DEFENSIVE THEORY.

IN GUILBEAU V. STATE, 193 SW3RD 155 @ 159, IF EVIDENCE RAISES THE ISSUE OF SELF-DEFENSE THE DEFENDANT IS ENTITLED TO HAVE IT SUBMITTED TO THE JURY, WHETHER THE EVIDENCE IS WEAK OR STRONG, UNIMPEACHED OR CONTRADICTED AND REGARDLESS OF WHAT THE TRIAL COURT MAY OR MAY NOT THINK ABOUT THE CREDITABILITY OF THE DEFENSE. IN GUILBEAU, HE PRODUCED EVIDENCE THAT HE WAS IN SELF-DEFENSE OF HIMSELF WHEN HE SHOT THE DECEASED. IN THE INSTANT CASE, APPELLANT DEFENSE WAS HE KILLED THE DECEASED IN SELF-DEFENSE. IN SUPPORT OF THIS CLAIM, APPELLANT POINTS OUT MULTIPLE TIMES WHEN EVIDENCE AT TRIAL SHOWN FROM ALLEN, PETERS AND APPELLANT WERE IT SUPPORTS AN INSTRUCTION ON § 9.32 (2)(B).

ALLEN TESTIMONY: SHE WARNED THE APPELLANT THAT DAVIS AND BIG "A" WERE GOING TO HARM HIM IF HE DOES NOT CLOSE DOWN SHOP. (RR VOL 3 PG 168 LL
SHE HEARD DAVIS THREATEN TO KILL APPELLANT. (RR VOL 3 PG 178 LL

PETERS TESTIMONY: SHE TELLS DECEASED NOT TO START TROUBLE WITH APPELLANT, BECAUSE THEY WERE THE ONLY ONES OUT THERE.

SHE KNEW IT WAS GOING TO BE ONE OF THEM, BEFORE THE DAY WAS OUT. DAVIS TELLS HER "HOLD MY PHONE WHILE I GET AT THIS N x x A.
(RR VOL 3 PG 212 LL   §   PG 215 LL

FROM PETERS AND ALLEN TESTIMONY SHOWS WHO WAS THE FIRST AGGRESSOR

(15)

WHICH WAS THE DECEASED. THEY BOTH BELIEVED FROM THE DECEASED WORD AND ACTION THAT DECEASED WOULD FOLLOW WITH THESE THREATS WHICH CAUSED THEM BOTH TO FELL THEY HAD TO WARN THE APPELLANT OF THESE THREATS. NOW APPELLANT OWN TESTIMONY SHOWS THAT: (1) APPELLANT WAS AT A PLACE CALLED THE "TRACKS" AND DECEASED AND OTHERS WERE AT HICKORY STREET UNTIL POLICE CLOSED THEM DOWN. THINGS WERE OKAY UNTIL BIG "A" STARTED TROUBLE WHICH CAUSED THE DECEASED TO SIDE WITH BIG "A" TO TRY TO RUN APPELLANT OUT OF BUSINESS. (2) FIRST IT STARTED OUT WITH JUST VERAL THREATS THAN PHYSICAL FIGHTS WHICH CAUSED THE APPELLANT TO STAY GONE FOR THREE DAY. UPON RETURNING THINGS WERE OKAY. WHEN THING GO BAD FOR BIG "A" AND DECEASED THEY START PULLING GUNS ON APPELLANT AND MAKING DEATH THREATS IF HE DOES NOT CLOSE DOWN SHOP. APPELLANT GOES AND GETS A GUN FOR PROTECTION ONLY. NOW MONTHS HAVE GONE BY AN APPELLANT WHEN WARNED BY ALLEN & PETER OF THE DECEASED AND BIG "A" THREATS AGAINST HIM. (3) NOW ON THE DAY OF CRIME FROM PETERS DECEASED IS TRYING TO START TROUBLE WITH APPELLANT BUT APPELLANT IS UNAWARE OF THIS TROUBLE, BUT PETERS STATE "SHE KNEW IT WAS GOING TO BE ONE OF THEM." APPELLANT TESTIMONY IS THAT HE CAME DOWN THERE TO SELL HIS DRUGS AND ONCE HIS DRUGS WERE SOLD, HE TALK TO ALLEN TO LET HER KNOW THAT HE HAD TO RUN SOME ERRAND AND HE WOULD BE BACK TO TAKE HER TO CLASS. UPON RETURNING APPELLANT WAS APPROACHED FROM BEHIND BY THE DECEASED WHO STATE "WHAT ARE YOU GOING TO DO NOW, THAT NOBODY HERE TO SAVE YOU". PULLS A GUN ON APPELLANT AND FIRES AT APPELLANT. APPELLANT RETURNS FIRE KILLING THE DECEASED. IN HAMEL V. STATE, 916 SW 2D 493, STATES A "PERSON HAS A RIGHT TO DEFEND HIMSELF AGAINST "APPARENT DANGER" TO THE SAME EXTENT AS HE WOULD HAD THE DANGER WERE REAL. THE TERM "REASONABLE BELIEVES" IN SECTION 9.32 ENCOMPASSES THE TRADITIONAL HOLDING THAT A SUSPECT IS JUSTIFIED IN DEFENDING AGAINST DANGER AS HE REASONABLY APPREHENSED IT. CITING SEMAIRE V. STATE, 612 SW 2D 528, 530. ESPINOZA V. STATE, 951 SW 2D 100, STATE TEXAS LAW PERMITS THE USE OF DEADLY FORCE AGAINST ANOTHER IN SELF-DEFENSE TO A THREAT OF DEATH OR SERIOUS BODILY INJURY. THE VICTIMS REPUTATION FOR VIOLENCE AND SPECIFIC ACTS OF AGGRESIVE MISCONDUCT IN KEEPING WITH THE VICTIMS CHARACTER ARE ADMISSIBLE IN TWO RESPECTS TO SUPPORT A CLAIM OF SELF-DEFENSE : (1) TO SHOW THAT THE VICTIMS WAS THE FIRST AGGRESSOR AND (2) TO SHOW THAT THE DEFENDANT REASONABLY APPREHENDED THE DANGER. THE DEFENDANT CLAIM OF SELF-DEFENSE MUST REST UPON A PERCEIVED DANGER. SEE ELY V. STATE, 915 SW 2D @ 560. A PERCEPTION CAN BE RATIONALLY BASED ON A GESTURE THAT CAN ONLY BE REGARDED AS A THREAT WHEN

(16)

VIEWED IN LIGHT OF THE DECEDENTS REPUTATION FOR VIOLENCE. EVIDENCE THAT IS OFFERED TO SHOW THAT THE DEFENDANT MUST ESTABLISH HE WAS AWARE OF THE DECEDENTS AGGRESSIVE NATURE. THE DEFENDANTS AWARNESS OF VICTIMS VIOLENT DISPOSTION MAY BE FROM PERSONAL KNOWLEDGE OR FROM HEARSAY. SEE BEECHAM V. STATE 580 SW2D 588.590.

## Summary:

APPELLANT CONTENS THAT THE TRIAL COURT ERRORED BY NOT INSTRUCTING THE JURY ON SECTION 9.32 (A)(1)(2)(B) BECAUSE (B) IS NOT A SEPERATE INDEPENDENT THEORY WHEN ITS ALREADY INCLUDED WITHIN THE STATUE OF SECTION 9.32 IN THE COURTS OPINION ON PG. 6, THE TRIAL COURT IS NOT REQUIRED TO SUA SPONTE SUBMIT A DEFENSIVE THEORY, AND A DEFENDANT MUST MAKE A REQUEST BEFORE HE IS ENTITLED TO CLAIM ANY ERROR IN OMISSION FROM THE CHARGE. SO THIS COURT PASSED UPON THE WEIGHT OF THE EVIDENCE WITHOUT GIVING APPELLANT THE BENIFIT OF DOUBT BECAUSE THEY DID NOT CONSIDER THE EVIDENCE OF WAS DECEASED TRYING TO MURDER HIM. THE EVIDENCE ADDUCED AT TRIAL SHOWS HOW DECEASED AND OTHER WERE LAYING IN WAIT FOR APPELLANT AND THREATEN TO KILL HIM. THE ALSO PASSED UPON THE WEIGHT OF THE EVIDENCE WHEN THE TRIAL COURT ASKED PARTIES WHETHER ANY OBJECTIONS OR REQUESTS FOR ADDITIONS TO THE CHARGE. APPELLANT COUNSEL RESPONDED "NONE FROM THE DEFENSE." APPELLANT CONTENO NOW THAT TRIAL COUNSEL WAS INEFFECTIVE BECAUSE ITS HIS RESPONABILITY TO KNOW ALL LAW SURUNDERING IN THE CASE THAT HE WAS TRYING HERE. IN COLE V. STATE 823 SW2D 749 @752, UPON PROPER REQUEST, A TRIAL COURT MUST INSTRUCT THE JURY ON EVERY DEFENSIVE ISSUE / THEORY RAISED BY THE EVIDENCE. SMITH V. STATE 676 SW2d 584, 586. THIS IS TRUE WHETHER THE EVIDENCE IS STRONG, WEAK UNIMPEACHED OR CONTRACTED. HAYES V. STATE, 728 SW2D 804, 807. SO COUNSEL SHOULD HAVE REQUESTED THE INSTRUCTION BECAUSE EVIDENCE AT TRIAL WARRANTED INSTRUCTION WITH IT BEING A MURDER TRIAL IN ALL. A DEFENDANT TESTIMONY ALONE MAY BE SUFFICIENT TO RAISE A DEFENSIVE THEORY REQUIRING AN INSTRUCTION IN THE JURY CHARGE TO THE JURY. DYSON V. STATE,(9Sw2d 460, 463; CITING PIERINI V. STATE, 804 SW2D 258, 260. THE TESTIMONIES OF ALLEN AND PETERS ALSO RAISED THE DEFENSIVE ISSUE OF THIS, WHY THAN DID THIS COURT GO AGAINST IT OWN LAWS. APPELLANT WOULD LIKE THE COURT OF CRIMINAL APPEALS TO REVIEW THE RECORD AND MAKE A DECISION BASED ON THE EVIDENCE.

## GROUND FOUR ARUGMENT AND AUTHORITY:

GROUND FOUR: APPELLANT ARGUES THE TRIAL COURT ERRED BY PROVIDING THE JURY WITH AN INAPPLICABLE STATUORY LIMITATION ON HIS RIGHT TO SELF-DEFENSE.

(17)

APPELLANT COMPLAINS OF THE FOLLOWING INSTRUCTION: THE USE OF FORCE AGAINST ANOTHER IS NOT JUSTIFIED IF THE ACTOR SOUGHT EXPLANATION FROM OR DISCUSSION WITH THE OTHER PERSON CONCERNING THE ACTOR'S DIFFERENCES WITH THE OTHER PERSON WHILE ACTOR WAS UNLAWFULLY CARRYING A WEAPON.

APPELLANT CONTENDS THAT THE TRIAL COURTS CHARGE ON HIS LIMITATION OF SELF-DEFENSE GOES AGAINST WHAT ANOTHER COURT HAS RULED ON. THIS COURT SHOULD NOT HAVE GIVEN THE JURY A "PROVOKING THE DIFFICULTY CHARGE" BECAUSE THAT IS EXACTLY WHAT THEY DID WHEN THEY LIMITED APPELLANT RIGHT TO SELF-DEFENSE. THIS COURT ALSO USED A FLAWED CASE WHEN THEY APPLIED LEE V. STATE, 259 SW3D 785, 789. "WHEN A CHARGE LIMITED A DEFENDANT RIGHT OF SELF-DEFENSE IS PROPERLY GIVEN WHEN (1) SELF-DEFENSE IS AN ISSUE (2) THERE ARE FACTS IN EVIDENCE THAT SHOWS DEFENDANT SOUGHT EXPLANATION FROM OR DISCUSSION WITH THE VICTIM CONCERNING THEIR DIFFERENCE AND (3) DEFENDANT WAS UNLAWFULLY CARRYING A WEAPON." IN MATTHEWS V. STATE, 708 SW2D 835, 837-38. "A CHARGE ON PROVOKING THE DIFFICULTY IS PROPERLY GIVEN WHEN SELF-DEFENSE IS AN ISSUE; THERE ARE FACTS IN EVIDENCE WHICH SHOW THAT THE DECEASED MADE THE FIRST ATTACK ON THE DEFENDANT; AND DEFENDANT DID SOME ACTS OR WORDS INTENDED TO AND CALCULATED TO BRING ON THE DIFFICULTY IN ORDER TO HAVE A PRETEXT FOR INFLICTING IN-JURY UPON THE DECEASED. HOWEVER, PROOF THAT A DEFENDANT PROVOKED THE VICTIM BEFORE IT LIMITS THE DEFENDANTS RIGHT OF SELF-DEFENSE. IN ITS OWN OPINION ON PG. 6, THE COURT AGREE WITH THE APPELLANT THAT IT DOES NOT SHOW EVIDENCE OF THE SECOND FACTOR. SO WHY DID THE GIVE THE CHARGE IN THE FIRST PLACE. IN RAMIREZ V. STATE, 873 SW2D 757, IT IS ERROR TO CHARGE ON ISSUE OF PROVOKING DIFFICULTY WHEN TESTIMONY DOES NOT RAISE THE ISSUE, AS IT PUT THE DEFENDANT IN THE WRONG AND IT LIMIT HIS RIGHT TO SELF DEFENSE. CITING STANLEY V. STATE, 625 SW2D 320, 321. THEN THE COURT CONSIDERS WHETHER ERROR RESULTED IN EGREGIOUS HARM. THEY LOOK AT THE ENTIRE CHARGE, STATE OF EVIDENCE, AND CONTESTED ISSUE.

APPELLANT WOULD LIKE TO ADDRESS THESE ISSUE IN WHICH THE COURT PASSED UPON BECAUSE THEY CHOSE REJECT THE MERITS AND EVIDENCE BECAUSE THEY HAVE ALREADY REJECTED THE APPELLANT FIRST ISSUE. IN FINK V. STATE, 97 SW3D 739@ 740, THE CHARGE OF PROVOKING THE DIFFICULTY / PROVOCATION CHARGE SHOULD ONLY BE GIVEN ONLY IF THERE IS SUFFICIENT EVIDENCE THAT (1) DEFENDANT DID SOME WORD OR ACTS WHICH PROVOKED THE ATTACK ON HIM, (2) SUCH WORDS OR ACTS WERE REASONABLY CALCULATED TO PROVOKE THE ATTACK AND (3) THE WORDS USED OR ACTS DONE FOR THE PURPOSE AND WITH THE INTENT THAT THE DEFENDANT WOULD HAVE A PRETEXT FOR INFLICTING HARM UPON THE OTHER. SEE SMITH V. STATE, 965 SW2D 509, 513. EACH OF THESE ELEMENTS MAY BE PROVED CIRCUMSTANTIALLY: (PROVOCATION) (REASONABLES) (INTENT). A PROVOCATION INSTRUCTION SHOULD BE GIVEN ONLY IF THERE IS EVIDENCE FROM

WHICH A RATIONAL TRIER OF THE FACTS COULD FIND EACH ELEMENT BEYOND A REASONABLE DOUBT.

"PROVOCATION": PETER'S TESTIMONY SHE TOLD DECEASED NOT TO START TROUBLE WITH APPELLANT. (2) DECEASED UNFAZED BY HER PROTEST TELL HER TO HOLD MY PHONE WHILE I GET AT HIS NIGGA. (3) SHE SAW AND HEARD DECEASED PULL GUN ON APPELLANT AND THREATEN TO KILL HIM.

"REASONABLENESS" THE ACTS OR WORDS OF THE DECEASED; FROM MONTHS EARLIER WHEN BIG "A" AND DECEASED PULL GUN ON APPELLANT THAT HE NEED TO CLOSE DOWN SHOP. (2) DECEASED CAME FROM BEHIND APPELLANT PULL A GUN AND FIRES SHOT AT HIM AND APPELLANT WAS A REASONABLE APPREHENSION THAT HIS LIFE IS IN DANGER.

"INTENT" WHEN BOTH ALLEN AND PETER WARNED APPELLANT TO WATCH HIS BACK BECAUSE OF DECEASED THREATS AGAINST HIS LIFE. (2) SHE TELLS DECEASED NOT TO START TROUBLE; SHE KNEW IT WAS GOING TO BE ONE OF THEM BEFORE THE DAY [NOV. 17] WAS OUT. SHOW THE DECEASED HAD THE INTENT TO BE FIRST AGGRESSOR.

SO FROM THE EVIDENCE ADDUCED THERE WAS NO WAY A JURY COULD HAVE REJECTED APPELLANT CLAIM OF SELF-DEFENSE BEYOND A REASONABLE DOUBT THEREFORE THE JURY AND COURT WAS IN ERROR.

CONTESTED ISSUE WAS DID APPELLANT HAVE A RIGHT TO USE DEADLY FORCE AGAINST THE DECEASED. THE EVIDENCE SHOW DECEASED WITH OTHER WERE ENGAGING OF RUNNING APPELLANT OUT OF BUSINESS BY THE MEANS OF VERBAL AND PHYSICAL THREATS INCLUDING DEATH THREATS. DID APPELLANT REASONABLE APPREHENSION OF SERIOUS BODILY INJURY AND DEATH CAUSE APPELLANT TO USE DEADLY FORCE WHILE IN SELF-DEFENSE OF HIMSELF? DID THE TRIAL COURT ERR IN GIVING AN INCORRECT STATUTORY LIMITATION ON HIS RIGHT TO SELF-DEFENSE. SPECIFICALLY, APPELLANT STATE THAT "IF TRIAL COURT RESTRICTS THE DEFENDANT RIGHT TO SELF-DEFENSE BY GIVING A PROVOKING THE DIFFICULTY INSTRUCTION, THE COURT MUST INCLUDE A SUPPLEMENTAL INSTRUCTION CALLED THE "RIGHT TO ARM ONESELF". INSTRUCTION. TRADITIONALLY, TEXAS LAW HELD THAT IF A TRIAL COURT INCLUDES A JURY INSTRUCTION WHICH RESTRICTS THE DEFENDANT RIGHT TO SELF-DEFENSE, THEN DEFENDANT IS ENTITLED TO CERTAIN OTHER INSTRUCTIONS. THE PURPOSE OF THESE OTHER INSTRUCTION IS TO ISSUE THAT THE JURY HAS A COMPLETE PICTURE OF THE DEFENDANTS AND VICTIMS RIGHTS AND RESPONSIBILITES AS THEY RESPOND AND COUNTER-RESPOND TO THE RAPIDLY CHANGING CIRCUMSTANCES OF THE DISPUTE AND AS CULPABILITY FOR ANATAGORIZE THE DISPUTE BETWEEN THE TWO ACTERS.

Summary:

APPELLANT CONTEND FOR THE ERROR OF THE COURT DEPRIVE THE APPELLANT OF A BAISED AND FAIR TRIAL WOULD LIKE THIS HONORABLE COURT OF CRIMINAL APPEALS TO USE ITS DISCRETIONARY REVIEW TO DECIDE UPON THE ISSUES APPELLANT BELIEVES THE COURT PASSED UPON.

PRAYER FOR RELIEF:

THEREFORE, PREMISE HAVE BEEN CONSIDERED THE APPLICANT RESPECTFULLY REQUEST AND PRAYS THIS HONORABLE COURT OF CRIMINAL APPEALS CONSIDERS APPLICANTS WRIT AND THIS HONORABLE COURT WOULD GRANT RELIEF IN THE FORM OF (1) REVERSE AND REMAND FOR A NEW TRIAL, (2) REVERSE AND REMAND FOR A HEARING ON EVIDENTARY AND PUNISHMENT PHASE. APPLICANT PRAYS THAT THIS HONORABLE COURT GRANT ANY AND ALL GENERAL RELIEF TO WHICH HE IS ALLOWED.

RESPECTFULLY SUBMITTED

John Edward Hall #1608233

JOHN EDWARD HALL

UNSOWRN DECLARATION:

I, JOHN EDWARD HALL, INMATE OF THE TEXAS DEPARTMENT OF CRIMINAL JUSTICE DECLARE UNDER PENALTY OF PERJURY THAT THE INFORMATION IN THIS MEMORADUM IS TRUE AND CORRECT, ON THIS DAY 27 OF FEBRUARY, 2015

RESPECTFULLY SUBMITTED

John Edward Hall #1608233

JOHN EDWARD HALL

JAMES V. ALLRED UNIT
2101 FM. 369 N.
IOWA PARK, TX. 76367

(20)

File: 091368F - From documents transmitted: 04/11/2011
**AFFIRM; Opinion issued April 11, 2011**

In The
Court of Appeals
Fifth District of Texas at Dallas

..........................

**No. 05-09-01368-CR**

..........................

**JOHN EDWARD HALL, Appellant**
V.
THE STATE OF TEXAS, Appellee

..................................................

**On Appeal from the 363rd Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. F08-63139-W**

..................................................

MEMORANDUM OPINION
Before Justices Moseley, Bridges, and O'Neill
Opinion By Justice Bridges

Appellant John Edward Hall appeals from his conviction for murder and accompanying sentence of seventy years' confinement. In eight issues, appellant argues (1) the evidence is factually insufficient to support a finding that appellant's conduct was not justified, and that the trial court erred: (2) by failing to instruct the jury on the presumption of reasonable belief; (3) by failing to apply self-defense in the application paragraph of the murder charge; (4) by failing to instruct the jury that a person is justified in using deadly force against another to prevent the other's imminent commission of murder; (5) by providing the jury with an inapplicable statutory limitation on his right to self-defense; (6) by instructing the jury pursuant to section 9.32(c) of the penal code; (7) by incorrectly instructing the jury pursuant to section 9.32(d) of the penal code; and (8) by informing the jury about good conduct time. We affirm.

**Background**

Appellant and Marvin Davis were acquaintances, involved in selling illegal drugs. According to trial witnesses, appellant and Davis appeared to be competitors in drug trafficking.

On November 17, 2008, Tu Huynh was standing outside his place of business in central Dallas and observed Davis as he walked northwesterly along Orleans Street. According to Huynh, appellant approached Davis from the rear in a black Ford Crown Victoria. Appellant stopped the car, jumped out, and shouted at Davis. Davis turned to look at appellant, who began intermittently firing a handgun at Davis. Appellant had the gun ready to shoot as he exited the car. Davis did not respond, but started to run away from appellant.

According to Huynh and another eye witness, Robin Criss, the chase seemed to end as Davis sat or fell down along the north curb of Louise Avenue. But, as appellant approached Davis and continued to shoot at him, Davis sought to escape until he fell dead in a field on the north side of Louise Avenue.

Renee Peters, a drug customer of appellant and Davis, saw appellant shoot Davis. She described what she witnessed as follows:

Q: Did you see [appellant] get out of his car or had he already gotten out of his car?

A: He was already out.

Q: And whenever he was already out of the car, did you see . . .

A: He was shooting.

Q: Was the shooting like immediate, or was it delayed where they had a conversation or what?

A: No conversation.

...

Q: And what was [Davis] doing whenever he's being shot at?

A: He would try and run away.

Q: Where was he trying to run away to?

A: Anywhere . . . I mean, he was being shot at.

...

Q: So let's talk about where was [appellant] standing whenever he shot [Davis] in the forehead.

A: Like standing up over him.

Q: Standing up over him, pointed the gun down, shot him in the forehead. Is that what you're telling us?

A: Yes, I am.

...

Q: When [Davis] is laying down there on the ground before he's shot in the forehead, did he appear to have other injuries on him? Was he already bleeding?

A: Shot up here.

Q: You're pointing to your shoulder?

A: All up here.

Q: And your-like stomach and chest? You saw those shots to his body, shoulder?

A: Uh-huh.

Q: And then this [appellant], after all that, he's on the ground, still shot him to the head?

A: Yes.

Following the shooting, appellant returned to his car and left the scene. He was arrested on November 18 and gave the police varying descriptions of the shooting, but acknowledged he disposed of his gun by throwing it in the Trinity River.

At trial, appellant, relying on a theory of self-defense, testified that he was on foot when Davis came up from behind and verbally threatened to kill him. Appellant said he then observed Davis reach for a gun, so appellant also drew his weapon, a 40-caliber handgun that he was illegally carrying. He began exchanging gunfire with Davis, claiming Davis was the first to fire. Appellant admitted he shot at Davis at least ten times and acknowledged he chased Davis from behind during some of the gunfire.

Dr. Janice Townsend-Parchman was present for the autopsy of Davis and reviewed the autopsy

report. She testified Davis was shot a total of eight times, some fired at close range. Several of those shots would individually have been life-threatening. The shots to Davis's head were presumably at or near the end of the chase, as they necessarily caused instantaneous death.

The police recovered a trail of empty shell casings from the same gun along the path taken by appellant and Davis. However, the police did not find appellant's gun or any evidence that a second gun was fired at the location.

The jury convicted appellant of murder, enhanced by his prior felony convictions, and assessed his punishment at seventy years' confinement. The trial judge entered the sentence, and this appeal ensued.

## Analysis

In his first issue, appellant argues the evidence was factually insufficient to support a finding that appellant's conduct was not justified. We note the Texas Court of Criminal Appeals has overruled *Clewis v. State, See Footnote 1* holding the *Jackson v. Virginia See Footnote 2* standard is the only standard a reviewing court is to apply in determining whether the evidence is sufficient to support each element of a criminal offense that the State is required to prove beyond a reasonable doubt. *See Brooks v. State*, 323 S.W.3d 893, 894-95 (Tex. Crim. App. 2010) (plurality op.). Therefore, we will address appellant's issue under the *Jackson v. Virginia* standard. 443 U.S. 307.

In reviewing a challenge to the sufficiency of the evidence, we examine all the evidence in the light most favorable to the verdict and determine whether a rational trier of fact could have found the essential elements of the offense beyond a reasonable doubt. *Jackson*, 443 U.S. at 319; *Brooks*, 323 S.W.3d at 894-95. We are required to defer to the jury's credibility and weight determinations because the jury is the sole judge of the witnesses' credibility and the weight to be given their testimony. *See Jackson*, 443 U.S. at 326 ("a court faced with a record of historical facts that supports conflicting inferences must presume-even if it does not affirmatively appear in the record-that the trier of fact resolved any such conflicts in favor of the prosecution, and must defer to that resolution").

Appellant contends the jury's rejection of his claim of self-defense was so against the great weight and preponderance of the evidence that the jury's conclusion that his conduct constituted murder was manifestly unjust. Under the law of self-defense, a person is justified in using force against another when and to the degree he reasonably believes the force is immediately necessary to protect himself against the other's use or attempted use of unlawful force. *See* Tex. Penal Code Ann. § 9.31 (West Supp. 2010). "Deadly force" is force that is intended or known by the actor to cause, or in the manner of its use or intended use is capable of causing, death or serious bodily injury. Tex. Penal Code Ann. § 9.01(3) (West Supp. 2010). A person is justified in using deadly force against another if he would be justified in using force against the other under section 9.31 and when and to the degree the actor reasonably believes the deadly force is immediately necessary to protect the actor against the other's use or attempted use of deadly force. Tex. Penal Code Ann. § 9.32(a)(1)(2)(A) (West Supp. 2010).

Appellant admitted to firing his weapon at least ten times at or in the direction of Davis. Eight of those shots fired hit Davis, several of which were life-threatening. At least some of the shots occurred while appellant chased Davis. Both Huynh and Peters testified appellant immediately started shooting at Davis. There was no conversation between appellant and Davis before shots were fired. Peters testified appellant hovered over Davis, who was already on the ground from being shot, and shot him again in the forehead. Although there is some evidence from appellant that Davis was the first aggressor, the police found no evidence of a second weapon.

"The right of self-defense commences when the necessity arises, continues as long as there is real or apparent danger, and ceases when the danger disappears." *See* 21 TEX. JUR. 3D Criminal Law §1921 (2001). The record before us indicates appellant continued to use deadly force to assure not only the incapacity of Davis, but also his death by shooting him many times after Davis had been severely wounded or incapacitated. Appellant's testimony that he feared for his life "while all of this [was] going on" was not enough to suggest a legal justification for all of his conduct. Some credible evidence of appellant's state of mind at the time the fatal shots were fired was essential, otherwise no juror could

rationally conclude that appellant formed any belief that he then needed to use deadly force to protect himself. *Reed v. State*, 703 S.W.2d 380, 384-85 (Tex. App.-Dallas 1986, pet ref'd); *see also Mata v. State*, 141 S.W.3d 858, 863 (Tex. App.-Corpus Christi 2004), *rev'd on other grounds*, 226 S.W.3d 425 (Tex. Crim. App. 2007). Appellant's claim that his continued use of force was reasonably believed to be immediately necessary to protect himself, even when Davis had discontinued any alleged threat, does not meet the burden imposed on appellant by section 9.32(a)(2)(a). *See* Tex. Penal Code Ann. § 9.32(a)(2)(a) (West Supp. 2010). The jury is the sole judge of the witnesses' credibility and the weight to be given their testimony. *See Jackson*, 443 U.S. at 326. Thus, the jury could have rationally determined appellant's ultimate conduct was not in self-defense. *See, e.g., Riddle v. State*, 888 S.W.2d 1, 6 (Tex. Crim. App. 1994) (no testimony of continued threat by victim, thus hitting him the head another 14 times could not be justified); *Morgan v. State*, 545 S.W.2d 811, 815 (Tex. Crim. App. 1977) (alleged danger passed at time force was used). We, therefore, overrule appellant's first issue.

In his second issue, appellant argues the trial court erred by failing to instruct the jury on the presumption of reasonable belief. Section 9.32(b)(3) states that an actor's belief under (a)(2) that the deadly force was immediately necessary is presumed to be reasonable if the actor "was not otherwise engaged in criminal activity . . . ." *See* Tex. Penal Code Ann. § 9.32(b)(3) (West Supp. 2010). Here, however, appellant admitted to carrying a gun in public and, therefore, as a convicted felon, was engaged in criminal activity. *See* Tex. Penal Code Ann. § 46.02(a) (West Supp. 2010) (Unlawful Carrying Weapons); *Id.* at 46.04(a) (Unlawful Possession of a Firearm). Therefore, the trial court did not err by failing to instruct the jury on the presumption of reasonable belief. We overrule appellant's second issue.

We next turn to appellant's third issue in which he complains of charge error, arguing the trial court erred by failing to apply self-defense in the application paragraph of the murder charge. Our first duty in analyzing a jury charge issue is to decide whether error exists. *Ngo v. State*, 175 S.W.3d 738, 743 (Tex. Crim. App. 2005). Then, if we find error, we analyze that error for harm. *Id.* Preservation of charge error does not become an issue until we assess harm. *Id.* The degree of harm necessary for reversal depends on whether the appellant preserved the error by objection. *Id.* Under *Almanza*, *See* Footnote 3 jury charge error requires reversal when the defendant has properly objected to the charge and we find "some harm" to his rights. 686 S.W.2d at 171. When the defendant fails to object or states that he has no objection to the charge, we will not reverse for jury charge error unless the record shows "egregious harm" to the defendant. *Ngo*, 175 S.W.3d at 743-44.

The first two application paragraphs of the charge state:

Now, bearing in mind the foregoing instructions, if you find and believe from the evidence beyond a reasonable doubt that on or about [the] 17th day of November, A.D., 2008, in the County of Dallas and State of Texas, the [appellant] did unlawfully then and there intentionally or knowingly cause the death of Marvin Davis, an individual, hereinafter called deceased, by shooting the deceased with a firearm, a deadly weapon, you will find the defendant guilty of the offense of murder and so say by your verdict.

If you do not so find and believe from the evidence beyond a reasonable doubt, or if you have a reasonable doubt thereof, you will acquit the defendant and say by your verdict "Not Guilty."

Although we agree with appellant that self-defense is not included in these paragraphs, the record reflects the charge continues with multiple instructions on when the use of deadly force is justified, followed by a third application paragraph:

Now, if you find from the evidence beyond a reasonable doubt that the defendant, John Edward Hall, did kill the said Marvin Davis by shooting the deceased with a firearm, a deadly weapon, as alleged in the indictment, but you further find from the evidence, or you have a reasonable doubt thereof, that, viewed

from the standpoint of the defendant at the time, from the words or conduct, or both of Marvin Davis it reasonably appeared to defendant that his life was in danger and there was created in defendant's mind a reasonable expectation or fear of death or serious bodily injury from the use of unlawful deadly force at the hands of Marvin Davis, and that the defendant, acting under such apprehension and reasonably believing that the use of deadly force, by his intervention, on his part was immediately necessary to protect himself against Marvin Davis's use or attempted use of unlawful deadly force and that he, therefore, shot the deceased with a firearm, a deadly weapon, said Marvin Davis, then you will find the defendant not guilty; or if you should have a reasonable doubt as to whether the defendant was acting in defense of himself on said occasion under such foregoing circumstances, then you should give the defendant the benefit of that doubt and find him not guilty.

We, therefore, conclude the trial court properly included self-defense in an application paragraph within the charge, and there is no error. *See Ngo*, 175 S.W.3d at 743. We overrule appellant's third issue.

In his fourth issue, appellant argues the trial court erred by failing to instruct the jury that a person is justified in using deadly force against another to prevent the other's imminent commission of murder. Although the trial court charged the jury on the law of self-defense under section 9.32(a)(1)(2)(A) of the penal code, appellant argues he was entitled to an instruction under the independent theory of self-defense set forth in section 9.32(a)(1)(2)(B). However, when the trial court asked the parties whether there were any objections or requests for additions to the charge, appellant's counsel responded: "None from the Defense."

The trial court is not required to sua sponte submit a defensive theory, and a defendant must make a request before he is entitled to claim any error in omission from the charge. *See Posey v. State*, 966 S.W.2d 57, 62 (Tex. Crim. App. 1998); *see also Jackson v. State*, 288 S.W.3d 60, 64 n. 2 (Tex. App.-Houston [1st Dist.] 2009, pet. ref'd). We, therefore, overrule appellant's fourth issue.

In his fifth issue, appellant argues the trial court erred by providing the jury with an inapplicable statutory limitation on his right to self-defense. Appellant specifically complains of the following instruction:

The use of force against another is not justified if the actor sought explanation from or discussion with the other person concerning the actor's differences with the other person while the actor was unlawfully carrying a weapon.

A charge limiting a defendant's right of self-defense is properly given where (1) self-defense is an issue, (2) there are facts in evidence that show the defendant sought an explanation from or discussion with the victim concerning their differences, and (3) the defendant was unlawfully carrying a weapon. *Lee v. State*, 259 S.W.3d 785, 789 (Tex. App.-Houston [1st Dist.] 2008, pet. ref'd). Appellant argues, and we agree, the record does not contain evidence of the second factor. The record, instead, reflects appellant started shooting at Davis without first having a conversation with Davis. The trial court, therefore, erred.

Because appellant failed to object to the instruction at trial, we now consider whether the error resulted in egregious harm. *Ngo*, 175 S.W.3d at 743-44. To determine the degree of harm, we consider "the entire jury charge, the state of the evidence, including the contested issues and weight of probative evidence, the argument of counsel and any other relevant information revealed by the record of the trial as a whole." *Alamanza*, 686 S.W.2d at 171. In our review of the record with regard to appellant's first issue, we have already determined the jury was reasonably justified in rejecting appellant's claim of self-defense. *See Jackson*, 443 U.S. 307. We conclude that to be the case, whether or not the trial court included a limiting instruction on appellant's claim of self-defense. Therefore, any improper limitation on a defense that was reasonably rejected by the jury was harmless. *See Alamanza*, 686 S.W.2d at 171.

We now turn to appellant's sixth and seventh issues in which he claims the trial court erred by instructing the jury pursuant to sections 9.32(c) and (d) of the penal code. Appellant complains of the following instruction:

In determining whether an actor reasonably believed that the use of deadly force was immediately necessary, you may not consider whether the actor failed to retreat if the actor had a right to be present at the location where the deadly force was used, the actor did not provoke the person against whom the deadly force was used, and the actor was not engaged in criminal activity at the time the deadly force was used.

The trial court pulled the foregoing language from section 9.32(c) of the penal code, while section 9.32(d) of the penal code states that "in determining whether an actor described by [the foregoing] Subsection (c) reasonably believed that the use of deadly force was necessary, a finder of fact may not consider whether the actor failed to retreat." *See* Tex. Penal Code Ann. §§ 9.32(c), (d) (West Supp. 2010). As we have already noted with regard to appellant's second issue, appellant, a convicted felon, admitted to carrying a gun in public and, therefore, was engaged in criminal activity at the time deadly force was used. *See* Tex. Penal Code Ann. § 46.02(a) (West Supp. 2010) (Unlawful Carrying Weapons); *Id.* at 46.04(a) (Unlawful Possession of a Firearm). The evidence of appellant engaging in criminal activity, therefore, properly invoked the instruction given at trial. *See* Tex. Penal Code Ann. §§ 9.32(c), (d) (West Supp. 2010). Thus, the trial court did not err. *Ngo*, 175 S.W.3d at 743. We overrule appellant's sixth and seventh issues.

In his eighth issue, appellant complains the trial court erred by informing the jury about good conduct time. Specifically, appellant argues he was ineligible for good conduct time, and the trial court improperly instructed the jury to the contrary. The charge at punishment tracked the language of article 37.07, section 4(a), allowing the jury to consider good conduct time. *See* Tex. Code Crim. Proc. Ann. Art. 37.07, §4(a) (West 2006). However, because appellant was convicted of murder, he is precluded from receiving good conduct time credit. Tex. Gov't Code Ann. § 508.149 (West Supp. 2010).

Appellant contends the instant case involves a violation of article 36.14, requiring the trial court to accurately instruct the law applicable to the case. *See* Tex. Code Crim. Proc. Ann. Art. 36.14 (West 2007). However, in order for us to review the alleged violation under article 36.14, "[a]ll objections to the charge and to the refusal of special charges shall be made at the time of the trial." Tex. Code Crim. Proc. Ann. Art. 36.19 (West 2006). Appellant did not object to the charge given at the punishment phase of trial. Therefore, appellant waived his right to complain on appeal. *Id.* We overrule appellant's eighth issue.

Having overruled all of appellant's issues, we affirm the judgment of the trial court.


DAVID L. BRIDGES
JUSTICE


Do Not Publish
Tex. R. App. P. 47
091368F.U05

---

*Footnote 1* 922 S.W.2d 126 (Tex. Crim. App.1996).

---

*Footnote 2* 443 U.S. 307 (1979).

---

*Footnote 3 Almanza v. State*, 686 S.W.2d 157 (Tex. Crim. App. 1984).

---

File Date[04/11/2011]
File Name[091368F]
File Locator[04/11/2011-091368F]